IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY LEONOR CHILIQUINGA SIGCHO,

      Petitioner,

v.                                                                     Case No. 1:26-cv-00252-WJ-GBW

TODD BLANCHE, Attorney General
United States Department of Justice;
MARKWAYNE MULLIN, Secretary,
Department of Homeland Security;
MARY D ANDA-YBARRA, Field Office
Director, El Paso Field Office, Customs and
Immigration Enforcement,
DAVID VENTURELLA, Director of Immigration
And Customs Enforcement;
WARDEN, Otero County Processing Center,[1]

      Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING WRIT OF HABEAS CORPUS AND ORDERING PROMPT BOND HEARING OR RELEASE**

THIS MATTER comes before the Court upon Petitioner Mary Leonor Chiliquinga Sigcho's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. **[Doc. 1]**. Petitioner, a citizen of Ecuador, represents that she entered the United States without inspection in 2020 and has since resided here. **[Doc. 1 at 1, 10]**. Petitioner claims she was arrested without a warrant in Minnesota on January 8, 2026, and placed into the custody of Immigration and Customs Enforcement, and transported to a detention center in Otero County, New Mexico. **[Doc. 1 at 2. 10]**. Petitioner filed for asylum, was denied asylum on February 18, 2025, and has a pending

---

[1] The Petition names as Respondents certain officials who no longer hold the relevant positions. Pursuant to Fed. R. Civ. P. 25(d) and Administrative Order No. 26-MC-00004-03 of this Court, the Court substitutes the proper respondents.

1

appeal of that decision.  **[Doc1 at 1, 10].**

Petitioner asserts that her detention without a bond hearing violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  She also asserts that her arrest did not comply with the Fourth Amendment.  Petitioner seeks immediate release or a bond hearing pursuant to 8 U.S.C. § 1226(a).  **[Doc. 1 at 21]**.  This Court has jurisdiction under 28 U.S.C. § 2241.  Having considered the parties' submissions and the relevant law, the Court concludes that a prompt bond hearing before a neutral immigration judge is the appropriate relief.

Although Petitioner advances several grounds for relief, the dispositive issue is whether his detention is governed by 8 U.S.C. § 1225 or § 1226.  If Petitioner is properly detained pursuant to § 1226(a), he is entitled to certain procedural protections—"namely, an individualized bond hearing before an [immigration judge]." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025).  If Petitioner is subject to mandatory detention under § 1225(b)(2)(A), as Respondents contend, **[Doc. 5]**, the same procedural protections do not apply.

The United States Court of Appeals for the Tenth Circuit recently addressed this issue in a published, precedential Opinion in *Santillan Quiroz v. Mullin, et al.,* ___F.4th___, 26-6019, 2026 WL 1876709 (10th Circuit June 30, 2026), concluding that individuals who, like Petitioner, entered the United States long ago and presently reside here are detained pursuant to § 1226 and are therefore entitled to an individualized bond determination before an immigration judge.  *See also Melchor-Rios v. Ortiz*, No. 2:25-cv-01055-WJ-GJF, 2025 WL 3764775, at *2 (D.N.M. Dec. 30, 2025); *Gutierrez v. Garcia*, No. 2:25-cv-001145-WJ-KRS, 2026 WL 310064, at *3–5 (D.N.M. Feb. 5, 2026) (concluding that § 1226, not § 1225, applies to noncitizens' detention after presence in the United States for years).  The Court finds no material distinction between the circumstances presented in that case and those presented here.

2

Petitioner requests immediate release. The Court concludes, however, that the appropriate remedy is to afford Petitioner the process to which he is entitled under § 1226. *See Velasquez Salazar*, 806 F. Supp. 3d at 1241. Because a bond hearing provides complete relief with respect to the statutory defect identified above, the Court need not address Petitioner's remaining claims for relief.

IT IS THEREFORE ORDERED that the Petition is GRANTED. Respondents **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge within **seven (7) days** of entry of this Order. If such hearing is not provided within that period, Respondents shall immediately release Petitioner from custody unless and until an immigration judge orders continued detention. Counsel is instructed to file a status report within **five (5) days** of any bond hearing or Petitioner's release from custody. If no status report is filed within **twenty-one (21) days** after entry of this Order, the Court may enter final judgment dismissing this case without further notice.

/s/_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

3